**Giuliano McDonnell & Perrone, LLP**
**Joseph J. Perrone, Esq.**
**Ari S. Gatoff, Esq.**
**5 Penn Plaza, 23rd Floor**
**New York, New York 10001**
**Telephone: (646) 328-0120**
*Attorneys for Plaintiff*
*FLEXPORT INTERNATIONAL LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLEXPORT INTERNATIONAL LLC,<br><br>  Plaintiff,<br><br>  - against -<br><br>M/V MAERSK ESSEN *in rem*, JIAMOA INTERNATIONAL SHIP LEASE COMPANY LIMITED, MAERSK A/S, MSC MEDITERRANEAN SHIPPING CO., S.A., and SHIPCO TRANSPORT INC.,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff FLEXPORT INTERNATIONAL LLC ("FLEXPORT") by and through its attorneys, Giuliano McDonnell & Perrone, LLP, as and for its complaint against defendants M/V MAERSK ESSEN *in rem*, JIAMOA INTERNATIONAL SHIP LEASE COMPANY LIMITED, MAERSK A/S, MSC MEDITERRANEAN SHIPPING CO., S.A., and SHIPCO TRANSPORT INC., allege upon information and belief:

**JURISDICTION, THE PARTIES, AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1333, Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure, and Rule 5 of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. At all relevant times mentioned herein, Plaintiff FLEXPORT was and still is a limited liability company organized and existing under the laws of the State of Delaware with its

principal place of business at 760 Market Street, 8th Floor, San Francisco, California, 94102, and was and is engaged in the business as a non-vessel operating carrier ("NVOCC").

3. At all relevant times mentioned herein, the *in rem* Defendant, M/V MAERSK ESSEN, was and is a commercial containership registered in Denmark with Official Number D4971 and IMO No. 9456783 and was engaged in transporting goods by sea for hire.

4. At all relevant times mentioned herein, JIAMOA INTERNATIONAL SHIP LEASE COMPANY LIMITED. ("JIAMOA") was and is a foreign corporation registered in Hong Kong with its principal place of business at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH96960.

5. At all relevant times mentioned herein, *in rem* Defendant M/V MAERSK ESSEN (the "Vessel"), was and is a container ship owned by JIAMOA.

6. At all relevant times mentioned herein, MAERSK A/S, ("MAERSK") was and is a foreign corporation registered in Denmark with its principal place of business at Esplanaden 50, 1263 Copenhagen K, Denmark and an office located at 180 Park Avenue, Building 105, Florham Park, New Jersey, 07932, and was and is engaged in the business as a vessel operating common carrier ("VOCC").

7. At all relevant times mentioned herein, MAERSK leased, operated, and managed the Vessel.

8. At all relevant times mentioned herein, Defendant MSC MEDITERRANEAN SHIPPING CO., S.A. ("MSC") was and is a foreign corporation registered in Switzerland with an office located at 420 Fifth Avenue, 8th Floor, New York, New York, 10018, and was and is engaged in business as a VOCC.

E619

9. At all relevant times mentioned herein, Defendant SHIPCO TRANSPORT INC. ("SHIPCO") was and is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 127 Main Street, Chatham, New Jersey, 07928, and was and is engaged in the business as an intermediary non-vessel operating common carrier ("NVOCC"). As an intermediary NVOCC, SHIPCO is liable to its customer, FLEXPORT, in the same manner as MSC and/or MAERSK are liable to SHIPCO.

10. Hereinafter, JIAMOA, MAERSK, MSC, and SHIPCO (only with respect to Schedule B) collectively, are referred to as the "Carrier Defendants."

## FACTS

11. FLEXPORT is a non-vessel operating common carrier that organizes shipments on behalf of its customer businesses for the purpose of arranging for the transportation of those goods from one location to another location, including from Asia to the United States.

12. FLEXPORT acts as an intermediary in the transportation of goods and contracts with vessel owning common carriers like MSC or MAERSK and/or another NVOCC like SHIPCO, who then contracts with a VOCC, to physically move the goods upon the oceans and land-based transportation carriers for all other shipments movements.

13. FLEXPORT contracted with MSC, as VOCC, to arrange for the actual transport of the shipments packed in the containers described in Schedule A aboard the Vessel.

14. In shipments where FLEXPORT contracted with SHIPCO, SHIPCO contracted with MAERSK to physically transport the shipments described in Schedule B from their ports of loading to their scheduled ports of discharge.

15. On or about the dates and the ports of Shipments stated in Schedules A and B (the "Shipments"), each of the Shipments was tendered on board the M/V MAERSK ESSEN.

E619

16. On or about January 16, 2021, during the voyage across the Pacific Ocean towards the United States of America, the Vessel rolled and the Shipments and containers described in Schedules A and B went overboard or were otherwise damaged ("Incident").

17. On or about January 29, 2021, the Vessel arrived at its first port of call, Lazaro Cardenas, Mexico, after the Incident.

### FIRST CAUSE OF ACTION
**(Indemnification and/or Contribution)**

18. FLEXPORT reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 17, inclusive, with the same force and effect as if fully set forth herein.

19. On or about the dates stated in Schedules A and B, FLEXPORT entered into one or more contracts with the Carrier Defendants pursuant to which the Carrier Defendants would properly and carefully load, stow, secure, and transport the Shipments from the ports of loading to the ports of discharge.  In addition, the Carrier Defendants were to ensure that any carrier utilized on the FLEXPORT Shipments was reputable and carried the requisite licensure and insurance.

20. FLEXPORT's bill of ladings and service agreements with the Carrier Defendants constituted a valid and binding contract under the law.

21. If it is determined that FLEXPORT's customer's Shipments were damaged and/or lost, which is denied, as and for FLEXPORT's opposition to its customers claims only, and it is determined that FLEXPORT is responsible for said losses and/or damages as NVOCC, these said losses and/or damages were due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct of one or more of the Carrier Defendants acting as VOCC and/or otherwise.

E619

22. The alleged damage to or loss of the Shipments was not caused or contributed to by any act, omission, fault, or neglect on the part of FLEXPORT, or its customers, its agents, servants, or employees or by that of its customer.

23. By reason of the alleged damage to or loss of the Shipments, FLEXPORT and its customers have suffered damages and exposure to claims, including damage to or loss of Shipments.

24. If it is determined that FLEXPORT is responsible for the alleged damage or loss of its customers Shipments and/or any other losses of any nature whatsoever, then, all of FLEXPORT's damages and losses as aforesaid are directly attributable to and caused by the aforesaid wrongful acts and omissions or other misconduct of the Carrier Defendants and/or its agents acting on its behalf, including as NVOCC, without any fault of FLEXPORT or its agents contributing thereto; and therefore, the Carrier Defendants should be held jointly and severally liable to FLEXPORT for all liability, losses, and damages arising therefrom, including legal fees and disbursements incurred in defense of all claims.

25. In the event that FLEXPORT is nevertheless held liable to any party to this action, or to any other party to any other proceeding in the United States or abroad arising out of or relating to the damage to the Shipments, said liability being expressly denied by FLEXPORT, then such liability derives in whole, or in part, from the aforesaid wrongful acts or omissions or other misconduct of the Carrier Defendants, or its officers, agents, servants, and employees and, therefore, FLEXPORT should be granted full recovery over and against, and be indemnified by, or secure contribution from the Carrier Defendants for all sums so recovered against FLEXPORT, including attorneys' fees, expenses, interest, and costs.

E619

## SECOND CAUSE OF ACTION
### (Breach of Contract and of Duties under COGSA, 46 U.S.C. §30701)

26. FLEXPORT reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 25, inclusive, with the same force and effect as if fully set forth herein.

27. The Carrier Defendants' duties included those of a vessel operating common carrier in accordance with the COGSA §4(5), Ch. 229, 49 Stat. 1207 (1936), reprinted in note following 46 U.S.C. § 30701.

28. In consideration for specified fees and charges, the Carrier Defendants, who were aware of the nature of the Shipments, contracted to carry the Shipments from the place of receipt at the ports of loading to the place of delivery at the ports of discharge as stated in Schedules A and B, and to provide other transportation-related services including, but not limited to the receipt, loading, stowage, and containerization of the Shipments.

29. The Shipments were in good order and condition when it was tendered to the Carrier Defendants or entities acting on its behalf, at the ports of loading as stated in Schedules A and B.

30. As stated in Schedules A and B, the Carrier Defendants, or entities acting on its behalf, loaded and stowed the Shipments at or near the place of receipt at the ports of loading and clean bills of lading were issued.

31. At some time and location during the voyage across the Pacific Ocean to the United States, while the Shipments were aboard the Vessel, the Shipments were allegedly damaged and/or lost at sea.

32. The alleged aforesaid damage was caused by the Carrier Defendants' breaches of contract and duties under COGSA and the general maritime law as well as the Carrier Defendants'

E619

negligent failure to properly load, stow, carry, protect, store, care for, and deliver the Shipments and the unseaworthiness of the carrying vessel and container.

33. As a proximate result of the foregoing, FLEXPORT, and those on whose behalf it brings suit, has sustained damages in the approximate amount of $662,909.38, no part of which has been paid although duly demanded.

34. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

### THIRD CAUSE OF ACTION
### (Breach of Warranties and Nondelegable Cargoworthiness Duties)

35. FLEXPORT reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 34, inclusive, with the same force and effect as if fully set forth herein.

36. The carrying vessel was at all material times an ocean-going containership with fixed cell guides and was designed to carry Shipments in truck-size intermodal containers, including those requiring electric power for temperature control which serve as extensions of the holds of the vessel.

37. The Carrier Defendants' statutory duties, contractual obligations, and warranties under the general maritime law included the nondelegable duty to provide a seaworthy and cargoworthy ocean shipping container fit in every respect to carry the Shipments which the Carrier Defendants contracted to transport.

38. The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, and stowage of the Container on board the Vessel while the Container was in their custody and control.

39. The Carrier Defendants, or entities acting on their behalf, was also responsible for the pre-trip receipt, inspection, and preparation of the Container.

40. If it is determined that the Shipments was damaged during carriage, the damage is a result of the Carrier Defendants' failure.

41. The Carrier Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep, loading, stowage, and operation of the Vessel while the Container was in their custody and control.

42. The Carrier Defendants, or entities acting on their behalf, was also responsible for the pre-trip receipt, inspection, and preparation of the Vessel for the ocean voyage.

43. If it is determined that the Shipments was damaged during carriage onboard the Vessel, the damage is a result of the Carrier Defendants' failure in making the Vessel seaworthy prior to the voyage.

44. The alleged damage was caused in whole or in part by the mishandling by MSC, MAERSK, or SHIPCO, or entities acting on its behalf, during the subject multimodal transportation.

45. Accordingly, the Carrier Defendants are liable to FLEXPORT as a result of the breaches of their or its nondelegable duties and breaches of warranties with respect to the Shipments and the Container.

46. As proximate result of the foregoing, FLEXPORT, and those on whose behalf it sues, has sustained damages in the approximate amount of $662,909.38, no part of which has been paid although duly demanded.

**FOURTH CAUSE OF ACTION**
**(General Negligence)**

47. FLEXPORT reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 46, inclusive, with the same force and effect as if fully set forth herein.

E619

48. The alleged damage to or loss of the Shipments was caused in whole, or in part, by the Carrier Defendants' failure to properly care for, communicate and carry out all relevant instructions concerning the transport of FLEXPORT's Shipments to the actual carriers of the Shipments.

49. The alleged damage to the Shipments was due to the want of care, design, neglect, fault, privity, negligence, fault, lack of care, gross negligence, willful, wanton, and reckless misconduct of the Carrier Defendants. Said conduct includes, but is not limited to, handling of the Shipments, which caused and/or contributed to the alleged damage to or loss of the Shipments and the resulting damage to FLEXPORT.

50. If it is determined that the Shipments was damaged or lost, the resulting losses, damages, and expenses aforesaid were directly caused or attributable to the aforesaid failures of the Carrier Defendants and, therefore, the Carrier Defendants should be held liable to all parties who have made claims against FLEXPORT in this litigation.

51. As proximate result of the foregoing, FLEXPORT, and those on whose behalf it sues, has sustained damages in the approximate amount of $662,909.38, no part of which has been paid although duly demanded.

**FIFTH CAUSE OF ACTION**
**(Claim for Liability to Customers)**

52. FLEXPORT reiterates, repeats, and realleges the foregoing paragraphs numbered 1 through 51, inclusive, with the same force and effect as if fully set forth herein.

53. As stated in Schedules A and B, the shippers, consignees, or owners of the Shipments shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

54. As stated in Schedules A and B, FLEXPORT was the NVOCC of the goods shipped aboard the Vessel in their respective containers pursuant to the bills of lading.

E619

55. The Shipments were delivered by FLEXPORT's customers and FLEXPORT, as NVOCC, in actual good order and condition to MSC, MAERSK, or SHIPCO.

56. At the time Carrier Defendants either made delivery of or should have made delivery of the Shipments to FLEXPORT's customers, the Shipments were either not delivered or damaged.

57. As a result of Carrier Defendants' failure to redeliver FLEXPORT's customer's Shipments in the same good order and condition as received by them, said Carrier Defendants are liable to FLEXPORT's customers for their full losses in the approximate amount of $662,909.38.

**WHEREFORE**, Plaintiff FLEXPORT prays that:

1. Judgment be entered in favor of FLEXPORT as against the Carrier Defendants, jointly and severally, on these claims and dismissing all claims whatsoever against FLEXPORT;

2. The Carrier Defendants are found to be liable for indemnity to FLEXPORT and for all such sums for which FLEXPORT may be found liable as a result of any claims, including attorneys' fees, interest, costs, and disbursements;

3. Judgment be entered in favor of FLEXPORT as against the Carrier Defendants for contribution toward any losses or damages suffered by FLEXPORT as a result of any claims recovered against FLEXPORT, including legal fees and disbursements incurred in defense of claims;

4. Judgment be entered in FLEXPORT's favor as against the Carrier Defendants in the approximate sum of $662,909.38, together for the loss of FLEXPORT's customers' Shipments, plus interest and costs; and

     5.    Judgment be entered in favor of FLEXPORT for such other and further relief as this Court deems just and proper.

Dated: January 18, 2022
          New York, New York

GIULIANO MCDONNELL & PERRONE, LLP
*Attorneys for Plaintiff*
FLEXPORT INTERNATIONAL LLC

Joseph J. Perrone, Esq.
Ari S. Gatoff, Esq.
5 Penn Plaza, 23rd Floor
New York, New York 10001
Telephone: (646) 328-0120
Facsimile: (646) 328-0121
Email: jperrone@gmplawfirm.com
Email: agatoff@gmplawfirm.com

TO: All Counsel of Record, via the Court's CM/ECF system.

## SCHEDULE A

## MSC

Schedule A consists of FLEXPORT's claims on behalf of its customers against VOCC MSC.

### Claim A1

| | |
|---|---|
| Shipper: | MILLENNIUM INTL CO LTD (PFI) |
| Shipper Address: | TAICHUNG, TAIWAN |
| Customer: | TREK USA |
| Customer Address: | ONTARIO, CALIFORNIA |
| Consignee: | TREK USA |
| Consignee Address: | ONTARIO, CALIFORNIA |
| Description of Goods: | Bike apparel |
| Container Status: | Overboard |
| Port of Loading: | HONG KONG, HONG KONG |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $109,626.97 |
| VOCC Bill of Lading: | MEDUHG349028 |
| House Bill of Lading | FLXT-00000964389A |
| Container No.: | TGBU8054415 |
| Bill of Lading Date: | December 22, 2020 |

### Claim A2

| | |
|---|---|
| Shipper: | LINKWELL AGENT LTD C/O MARSHAL INDUSTRIAL CORP |
| Shipper Address: | KOWLOON, HONG KONG |
| Customer: | TREK USA |
| Customer Address: | ONTARIO, CALIFORNIA |
| Consignee: | TREK USA |
| Consignee Address: | ONTARIO, CALIFORNIA |
| Description of Goods: | Bike parts |
| Container Status: | Overboard |
| Port of Loading: | HONG KONG, HONG KONG |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $48,284.00 |
| VOCC Bill of Lading: | MEDUHG349028 |
| House Bill of Lading | FLXT-00000989416A |
| Container No.: | TGBU8054415 |
| Bill of Lading Date: | December 22, 2020 |

E619

**Claim A3**

| | |
|---|---|
| Shipper: | UMC ELECTRONICS HONG KONG LIMITED |
| Shipper Address: | KWAI CHUNG N.T., HONG KONG |
| Customer: | FORMLABS |
| Customer Address: | SOMERVILLE, MASSACHUSETTS |
| Consignee: | FORMLABS |
| Consignee Address: | SOMERVILLE, MASSACHUSETTS |
| Description of Goods: | Printers |
| Container Status: | Overboard |
| Port of Loading: | HONG KONG, HONG KONG |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $45,919.20 |
| VOCC Bill of Lading: | MEDUHG349028 |
| House Bill of Lading | FLXT-00000993423A |
| Container No.: | TGBU8054415 |
| Bill of Lading Date: | December 22, 2020 |

**Claim A4**

| | |
|---|---|
| Shipper: | CASTLESPRING ENTERPRISES LTD |
| Shipper Address: | KOWLOON, HONG KONG |
| Customer: | SCHOOL SPECIALTY INC |
| Customer Address: | MANSFIELD, OHIO |
| Consignee: | SCHOOL SPECIALTY INC |
| Consignee Address: | MANSFIELD, OHIO |
| Description of Goods: | Plastic Toys |
| Container Status: | Overboard |
| Port of Loading: | HONG KONG, HONG KONG |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $8,346.24 |
| VOCC Bill of Lading: | MEDUHG349028 |
| House Bill of Lading | FLXT-00000899356A |
| Container No.: | TGBU8054415 |
| Bill of Lading Date: | December 22, 2020 |

E619

**Claim A5**

| | |
|---|---|
| Shipper: | ANT POWER (SHENZHEN) ELECTRONIC TECHNOLOGY Co., Ltd |
| Shipper Address: | SHENZHEN, CHINA |
| Customer: | MOBILEQUBES INC |
| Customer Address: | NEW ORLEANS, LOUISIANA |
| Consignee: | MOBILEQUBES INC |
| Consignee Address: | NEW ORLEANS, LOUISIANA |
| Description of Goods: | Lithium Ion Cell Power Bank |
| Container Status: | Overboard |
| Port of Loading: | HONG KONG, HONG KONG |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $61,840.80 |
| VOCC Bill of Lading: | MEDUHG349028 |
| House Bill of Lading | FLXT-00000965980A |
| Container No.: | TGBU8054415 |
| Bill of Lading Date: | December 22, 2020 |

**Claim A6**

| | |
|---|---|
| Shipper: | AMS PRODUCTS ASSEMBLY (FOSHAN) CO LTD |
| Shipper Address: | GUANGDONG, CHINA |
| Customer: | RAKUTEN SUPER LOGISTICS |
| Customer Address: | HENDERSON, NEVADA |
| Consignee: | RAKUTEN SUPER LOGISTICS |
| Consignee Address: | HENDERSON, NEVADA |
| Description of Goods: | Massage Devices |
| Container Status: | Overboard |
| Port of Loading: | HONG KONG, HONG KONG |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $9,830.40 |
| VOCC Bill of Lading: | MEDUHG349028 |
| House Bill of Lading | FLXT-00000984722A |
| Container No.: | TGBU8054415 |
| Bill of Lading Date: | December 22, 2020 |

E619

**Claim A7**

| Shipper: | CHINAMINE TRADING LTD |
|---|---|
| Shipper Address: | KOWLOON, HONG KONG |
| Customer: | DRAPER JAMES C/O RAMP LOGISTICS |
| Customer Address: | IRVINE, CALIFORNIA |
| Consignee: | DRAPER JAMES C/O RAMP LOGISTICS |
| Consignee Address: | IRVINE, CALIFORNIA |
| Description of Goods: | Ladies Woven Dresses |
| Container Status: | Overboard |
| Port of Loading: | HONG KONG, HONG KONG |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $188,297.79 |
| VOCC Bill of Lading: | MEDUHG349028 |
| House Bill of Lading | FLXT-00000991113A |
| Container No.: | TGBU8054415 |
| Bill of Lading Date: | December 22, 2020 |

**Claim A8**

| Shipper: | TRI STATE FAR EAST CORP. |
|---|---|
| Shipper Address: | KOWLOON, HONG KONG |
| Customer: | UNITED TACTICAL SYSTEMS LLC |
| Customer Address: | FORT WAYNE, INDIANA |
| Consignee: | UNITED TACTICAL SYSTEMS LLC |
| Consignee Address: | FORT WAYNE, INDIANA |
| Description of Goods: | Metal Parts for Paintball Markers |
| Container Status: | Overboard |
| Port of Loading: | HONG KONG, HONG KONG |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $103,339.99 |
| VOCC Bill of Lading: | MEDUHG349028 |
| House Bill of Lading | FLXT-00000992361A |
| Container No.: | TGBU8054415 |
| Bill of Lading Date: | December 22, 2020 |

**SCHEDULE B**

**SHIPCO and MAERSK**

Schedule B consists of FLEXPORT's claims on behalf of its customers against intermediary NVOCC SHIPCO and VOCC MAERSK.

**Claim B1**

| | |
|---|---|
| Shipper: | YOUNGONE NAMDINH CO., LTD. |
| Shipper Address: | NAM DINH CITY, VIETNAM |
| Customer: | DASH AMERICA INC/DBA PEARL IZUMI USA |
| Customer Address: | LOUISVILLE, COLORADO |
| Consignee: | DASH AMERICA INC/DBA PEARL IZUMI USA |
| Consignee Address: | LOUISVILLE, COLORADO |
| Description of Goods: | Bike apparel |
| Container Status: | Overboard |
| Port of Loading: | HAI PHONG, VIETNAM |
| Port of Discharge: | LOS ANGELES, CALIFORNIA |
| Amount of Loss: | $87,423.99 |
| VOCC Bill of Lading: | MAEU206957344 |
| House Bill of Lading | FLXT-00000984620A |
| Container No.: | TCKU9266604 |
| Bill of Lading Date: | December 21, 2020 |